UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BRIAN RABEIRO and all others similarly situated under 29 U.S.C. 216(B)**<br><br>    Plaintiff,<br><br>v.<br><br>**LD RODRIGUEZ TRANSPORT LLC**<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No: _____<br>§<br>§<br>§<br>§<br>§ |

### COMPLAINT UNDER 29 U.S.C. 201- 216 FOR MINIMUM WAGE VIOLATIONS

Plaintiff, **BRIAN RABEIRO**, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this his Complaint Under 29 U.S.C. 201-206 for Minimum Wage Violations against Defendant **LD RODRIGUEZ TRANSPORT LLC** ("Defendant") and alleges:

1.   This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2.   The Plaintiff, BRIAN RABEIRO, was a resident of Dallas County, Texas at the time that this dispute arose.

3.   The Defendant, LD RODRIGUEZ TRANSPORT LLC ("Defendant" or "LD Rodriguez Transport") is a Texas entity and is incorporated under the laws of the State of Texas, and regularly transacts business within Dallas County, and may be served through its registered agent Luis D Rodriguez at its registered office of 5954 Harbor Glen Dr Dallas, TX 75249 or wherever found or as allowed by law.  Further, upon information and belief, Defendant was an

FLSA employer of Plaintiff for Plaintiff's respective period of employment ("the relevant time period").

4. This case is properly venued in the Northern District of Texas, Dallas Division as Defendant LD Rodriguez Transport regularly transact business in this District and Division and a substantial part of the relevant acts or omissions giving rise to this dispute took place in the Northern District of Texas and Dallas Division. Further, Defendant LD Rodriguez Transport's sole member is a resident and resides in Dallas County, Texas and is a resident and citizen of the State of Texas.

## COUNT I.  FEDERAL MINIMUM WAGE VIOLATION

5. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendant has employed other similarly situated employees like the Plaintiff who have not been paid minimum wages for work performed in a given work week from the filing of this Complaint back three years. All acts or omissions giving rise to this dispute took place in Dallas County.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

7. 29 U.S.C. § 206 (a) (1) states "..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

8. Plaintiff, BRIAN RABEIRO, worked for Defendant as a truck driver worker from on or about August 2019 to on or about November 7, 2019 (the "relevant time period").

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

10. Upon information and belief, the Defendant had gross sales or business done in excess of $500,000 annually for the years 2018 and 2019.

11. Upon information and belief, the Defendant is expected to have gross sales or business done in excess of $500,000 annually for the year 2020.

12. Furthermore, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Between the period of on or about April 15, 2018 through on or about May 15, 2019, Plaintiff worked for Defendant providing truck driving work for Defendant's transport business. Specifically, Plaintiff performed truck driving work for Defendant during the weeks of during the week of October 28, 2019 and the week of November 4, 2019. Defendant never paid Plaintiff for his work during these weeks. Defendant's failure to pay Plaintiff for us work during these weeks is in violation of the Fair Labor Standards Act as said payment did not meet the

applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims the difference between the amount paid to Plaintiff and the applicable minimum wage of $7.25/hr.

14. The Defendant wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore a claiming minimum wage violations for all hours worked for Defendant.

15. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

16. Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's last two weeks of employment with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances

### COUNT II.  UNPAID WAGES – BREACH OF CONTRACT

17. Plaintiff re-alleges all previous paragraphs as if restated in full herein.

18. Plaintiff has a valid enforceable contract to be paid for his truck driving work for Defendant, whereby Plaintiff agreed to perform truck driving work for Defendant and Defendant agreed to pay Plaintiff for his truck driving work.

19. Plaintiff performed such truck driving work for Defendant during the week of October 28, 2019 and the week of November 4, 2019.

20. Plaintiff was not paid by Defendant for his truck driving work for the week of October 28, 2019.

21. Plaintiff was not paid by Defendant for his truck driving work for the week of November 4, 2019.

22. Plaintiff was not paid for his truck driving work for Defendant on the following dates: October 29, 2019, October 30, 2019, October 31, 2019, November 1, 2019, November 4, 2019, November 5, 2019, November 6, 2019, and November 7, 2019.

23. Defendant breached its agreement and contract with Plaintiff by failing to pay Plaintiff for his truck driving work for Defendant during the week of October 28, 2019 and the week of November 4, 2019.

24. Plaintiff is presently owed approximately $2,400.00 from Defendant for Plaintiff's truck driving work from Defendant during the week of October 28, 2019 and the week of November 4, 2019.

25. Plaintiff has engaged an attorney to prosecute his claims. Plaintiff seeks attorney fees and court costs for his claims asserted in this civil action. Plaintiff is entitled to an award of attorney fees both under The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and under CIV. PRAC. & REM. CODE § 38.001 *et seq*. as this is a suit for breach of contract, and alternatively, a suit for work and services performed. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

22. ***Plaintiff requests a trial by jury.***

Respectfully submitted,

URQUIDEZ LAW FIRM, LLC

_/s/ Thomas J. Urquidez_
Thomas J. Urquidez
State Bar No. 24052001
5440 Harvest Hill, Suite 234
Dallas, Texas 75230
E-mail: tom@tru-legal.com
Phone: 214-420-3366
Fax:    214-206-9802
**COUNSEL FOR PLAINTIFF
BRIAN RABEIRO**